on this ground that a new promise without any consideration will take the case out of the statute. And the courts of the United States always apply the statute of limitations of the state where the court sits, and adopt the same rule of construction that prevails in the state court. 2 Mass. 84; 1 Caines, 402; 8 Johns. 189, 194; [Shelby v. Guy] 11 Wheat. [24 U. S.] 365; [Ogden v. Saunders] 12 Wheat. [25 U. S.] 340, 349, 350; [Bell v. Morrison] 1 Pet. [26 U. S.] 359.

The defendant must. therefore, have judgment upon the demurrer. See Fisher v. Harnden [Case No. 4,819].

---

NIEHOFF (GOLSON v.). See Case No. 5,-524.

---

## Case No. 10,261.

### NIETO v. CLARK.

[Boston Courier, March 23, 1858.]

District Court, D. Massachusetts. 1858.[1]

CARRIERS—CONDUCT OF SERVANTS TOWARDS LADY PASSENGERS.

This was a libel by Manuel Nieto, ex-steward, against William B. Clark. master of the bark Evangeline, to recover wages, as per shipping articles, at $25, the libellant having shipped as steward for a voyage to Valparaiso and other ports in the Pacific, and back to Boston. but was discharged at Talcahuana. The libellant claimed wages for the whole voyage, about $250. The respondent tendered to the libellant, when he discharged him, $70, or the amount due to him at that time, and that sum was also tendered to him here, and then paid into court after the libel had been commenced. To the libel itself the respondent answered, that Nieto at Talcahuana entered the stateroom of a lady passenger in the night time, and conducted himself in a grossly indecent manner; that she reported his behavior to the respondent, and declared that she would not stay in the vessel if Nieto was not discharged; and that he therefore did discharge him.

In giving his decision, SPRAGUE, District Judge, said there were several disingenuous suppressions of facts on the part of the libellant, and he held that the respondent was fully justified in dismissing him. Libel dismissed.

F. W. Sanger. for libellant.
J. H. Prince, for respondent.

[Nowhere more fully reported; opinion not now accessible.]

[See Orne v. Townsend, Case No. 10,583; Whitton v. The Commerce, Id. 17,604; Atkyns v. Burrows, Id. 618; The Nimrod, Id. 10,267.]

---

[1] [Affirmed in Case No. 10,262.]

## Case No. 10,262.

### NIETO v. CLARK.

[1 Cliff. 145; [1] 16 Leg. Int. 358.]

Circuit Court, D. Massachusetts. Oct., 1858.[2]

CARRIERS — INDECENT CONDUCT OF SEAMAN TOWARDS LADY PASSENGER—DISCHARGE IN FOREIGN PORT.

1. Where a seaman had attempted a rape upon a female passenger in a foreign port. and the injured party refused to remain on board. and demanded the return of her passage-money unless the offender was dismissed. the master was justified in the immediate discharge of the seaman.

2. Discharges in a foreign port, without the express approval of the American consul. when one is present, or without the consent of the seaman, are not favored in the acts of congress or the courts of the United States, and in such cases the burden is upon the master to show the reasons of the discharge, and to prove to the satisfaction of the court that they were just and reasonable.

3. The contract of all passengers entitles them to respectful treatment from those in charge of the vessel, and, in respect to female passengers. includes an implied stipulation that they shall be protected against obscene conduct, lascivious behavior, and every immodest approach.

[Cited in Pendleton v. Kinsley, Case No. 10,-922.]

[Cited in Bass v. Chicago & N. W. Ry. Co., 36 Wis. 460; Batton v. South & N. A. R. Co., 77 Ala. 591; Bryant v. Rich, 106 Mass. 189. Cited in brief in Chicago & E. R. Co. v. Flexman. 103 Ill. 548. Cited in Craker v. Chicago & N. W. Ry. Co., 36 Wis. 668. 672; Dwinelle v. New York Cent. & H. R. R. Co.. 120 N. Y. 126, 24 N. E. 319; Goddard v. Grand Trunk Ry. Co.. 57 Me. 217; Louisville & N. R. Co. v. Ballard. 85 Ky. 311. 3 S. W. 530: Sira v. Wabash Ry. Co., 115 Mo. 136, 21 S. W. 906: Spohn v. Missouri Pac. Ry. Co., 87 Mo. 78: Stewart v. Brooklyn & C. R. Co., 90 N. Y. 591.]

[Appeal from the district court of the United States for the district of Massachusetts.]

On the 29th of October, 1859, the libellant [Manuel Nieto] shipped as steward on board the bark Evangeline, of which the respondent [William R. Clark] was master, for a voyage to Valparaiso and other ports in the Pacific Ocean, and back to Boston. At Valparaiso a lady engaged a passage to the United States. While the vessel was lying at Talcahuano, Chili, the libellant, in the nighttime entered the lady's state-room, attempted a rape, and behaved with indecency in the lady's presence. Upon complaint to the respondent, the libellant was immediately discharged, and put ashore. Upon a representation of the case to the American consul at Talcahuano, the respondent was advised to pay the steward his wages, and the amount was therefore tendered him, but refused. Shortly after his discharge the libellant shipped on board the Osprey and returned to Boston, when the libel was brought, claiming wages, damages, and expenses to the amount

---

[1] [Reported by William Henry Clifford, Esq., and here reprinted by permission.]
[2] [Affirming Case No. 10,261.]